# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS LEE ALLEN, #394821,

    Petitioner,

Civil No: 07-CV-11331
Honorable Victoria A. Roberts
Magistrate Judge R. Steven Whalen

v.

LINDA M. METRISH, et. al.,

    Respondents.

_____/

## OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner, Dennis Lee Allen is a state inmate incarcerated at Parnall Correctional Facility in Jackson, Michigan. Petitioner pled guilty to assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws. §750.520g(1), in Jackson County Circuit Court.[1] He was sentenced to five years nine months to ten years imprisonment. Petitioner filed a petition for writ of habeas corpus through counsel under 28 U.S.C. §2254. For the reasons that follow, the Court denies the petition.

---

[1] Petitioner was originally charged with third-degree criminal sexual conduct involving a person between thirteen and fifteen years of age. In return for Petitioner's guilty plea, the prosecutor reduced the charge from third-degree criminal sexual conduct and agreed that he not be sentenced as a second habitual offender pursuant to Mich. Comp Laws §769.10.

# I. BACKGROUND

Petitioner admitted during the plea hearing that he had sexual intercourse with the fifteen year old victim. (Tr., Plea, 2/1/05, pg. 8). Petitioner also claimed through counsel at his plea hearing that the sexual intercourse was consensual. *Id.* at 9. However, the victim stated that she was raped and threatened by Petitioner. (Pre-sentence Report, 2/25/05, pp. 5-6).

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claims:

> I. Petitioner was denied due process when the trial court mis-scored prior record variable (PRV) 6, offense variable (OV) 4 AND OV 10.
>
> II. The trial court erred when it increased the maximum sentence authorized by statute.
>
> III. Petitioner was deprived of effective assistance of counsel when he failed to object to the trial court's sentencing errors.
>
> IV. It was error for Petitioner to be sentenced by the trial court judge.

Petitioner's delayed application was denied. *People v. Allen*, No. 262219, (Mich. Ct. App. Nov. 1, 2005). Petitioner appealed the decision to the Michigan Supreme Court raising the same claims; and relief was also denied. *People v. Allen,* 474 Mich. 1096; 711 NW2d 68 (2006)(table). Justice Kelly stated, however, that she "would hold this case in abeyance for *People v. Drohan,* lv. gtd., 472 Mich. 881 (2005)."

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. §2254, raising the same issues presented to the appellate courts.

## II. STANDARD

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law" of the Supreme Court to the facts of an inmate's case. *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.  DISCUSSION

### A.  Sentencing Errors

#### 1.  Non-Cognizable Habeas Claim

Petitioner raises three issues relating to sentencing.  First, Petitioner claims that the trial court erroneously applied state statutory law regarding the assignment of points in the scoring of prior record and offense variables, *infra.*  Second,  Petitioner contends that the trial court improperly relied upon inaccurate information at sentencing.  Finally, Petitioner asserts that the trial court erroneously increased the  maximum sentence authorized by statute in this case.

To the extent that Petitioner challenges Michigan's sentencing law regarding these issues, the argument is not cognizable on federal habeas corpus review; these claims present matters of state law.  See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions").  Therefore, "a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *Thomas v. Foltz*, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987). Moreover, "[a] state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only." *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988))

"[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F.App'x. 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Id.* To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing sentence. *Id.* Reliance upon misinformation is evident when it is indicated on the record that specific consideration was given to the information prior to imposing sentence. *United States v. Tucker,* 404 U.S. 443, 444, 447 (1980).

### a. Inaccurate Information

Petitioner asserts that he had a constitutional right to be sentenced on the basis of accurate information. A sentence violates due process when it is based upon extensive and materially false information which the prisoner had no opportunity to correct prior to being sentenced. *Draughn v. Jabe*, 803 F.Supp. 70, 80 (E.D. Mich. 1992), *aff'd,* 989 F.2d 499 (6th Cir. 1993) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Further, the Supreme Court has long upheld the philosophy that, in sentencing a

5

defendant, " 'the punishment should fit the offender and not merely the crime.' " *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). The Court reaffirmed the " 'fundamental sentencing principle' that 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it came.' " *Id.* (quoting *Williams*, 337 U.S. at 250). The Court, however, holds that a sentence imposed on the basis of "'misinformation of constitutional magnitude' " violates due process. *Id.*(quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)).

Here, while Petitioner disagrees with the state court's assessment and calculation of the prior record and offense variables, as set forth below, he has not demonstrated that the state court's calculations were based upon inaccurate information. Therefore, Petitioner was not sentenced on the basis of "extensively and materially false" information, which he had no opportunity to correct. *Townsend,* 334 U.S. at 741.

### b. Prior Record Variable 6 [2]

Prior record variable 6 (PRV 6) accounts for the relationship Petitioner had to the criminal justice system at the time he committed the offense in this case. M.C.L. §777.56.

---

[2]If the "offender is a prisoner of the department of corrections or serving a sentence in jail" at the time of his offense, he will receive a score of 20 points. M.C.L. §777.56(a). If the "offender is incarcerated in jail awaiting adjudication or sentencing on a conviction or probation violation" when he committed an offense, he will be assigned a score of 15 points. M.C.L. §777.56(b). If the "offender is on parol, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony" at the time he commits another offense, he will be assigned 10 points. M.C.L. §777.56(c). If the "offender is on probation or delayed sentence status or on bond awaiting adjudication or sentencing for a misdemeanor" when the new offense is committed, he will receive a score of 5 points. M.C.L. §777.56(d). If the "offender has no relationship to the criminal justice system" at the time he commits a subsequent offense, he will not be assigned any points. M.C.L. §777.56(e).

The trial court scored PRV 6 at ten points based upon the pre-sentence report.[3]

Petitioner's discharge date from probationary status was June 17, 2004. (Pre-Sentence Report, 2/25/05, pg. 8). The pre-sentence report states that according to the victim, Petitioner sexually assaulted her on two occasions at the end of May 2004 or beginning of June 2004. *Id.* at 2. Petitioner stated that he sexually assaulted the victim in June 2004, but could not remember whether it was before or after his discharge from parole. *Id.* at 8. Petitioner argues that this is a relevant point because the PRV 6 would likely yield a lesser or zero score if the sexual assault occurred *after* he was discharged from parole. Although Petitioner's assertion may be true, he has not established that the assault occurred *after* he was discharged from parole, nor that the state court's decision was contrary to, or involved an unreasonable application of, federal law. While the pre-sentence report may not be definitive relative to the relationship between Petitioner's discharge from parole and the date of the offense, it is the job of the state court, not a federal habeas court, to resolve ambiguities. See, e.g., *Jackson v. Virginia*, 443 U.S. 307, 326 (1979); *Tucker v. Palmer*, 541 F.3d 652, 661 (6th Cir. 2008).

Even assuming that PRV 6 was incorrectly scored, Petitioner is not entitled to habeas relief. As set forth above, Petitioner cannot establish that the trial court relied upon materially false or inaccurate information in imposing his sentence. Habeas relief is not warranted.

---

[3]If the "offender is on parol, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony" at the time he commits another offense, he will be assigned 10 points. M.C.L. §777.56(c).

### c. Scoring of Offense Variable 4 [4]

Offense variable 4 measures the psychological injury to the victim. M.C.L. §777.34. Petitioner contends that he was erroneously assessed 10 points for OV 4.[5] Petitioner maintains that there was no evidence that the victim suffered any identifiable psychological injury or that her injury required professional treatment. The victim, however, stated that she has attended counseling as a result of the sexual assault and that she was advised to seek additional guidance from her peers and her church. (Pre-Sentence Report, 2/25/05, pg. 8). Petitioner appears to challenge the vagueness in details surrounding the circumstances of the victim's counseling services. However, the sentencing guideline does not require an unambiguous accounting of the nature of a victim's therapy, nor that therapy or counseling actually occurred, only that professional treatment was required. See M.C.L. §777.34(2). Consequently, Petitioner's due process claim has no merit and habeas relief is denied.

### d. Scoring of Offense Variable 10 [6]

---

[4] If the victim suffered serious "psychological injury requiring professional treatment," 10 points will be assessed. M.C.L. §777.34(a). If the victim suffered no "serious psychological injury requiring professional treatment," then no points will be "assigned. M.C.L. §777.34(b). The fact "that treatment has not been sought is not conclusive." M.C.L. §777.34(2).

[5] If the victim suffered serious "psychological injury requiring professional treatment," 10 points will be assessed. M.C.L. §777.34(a).

[6] Predatory conduct is defined as "preoffense conduct directed at a victim for the primary purpose of victimization." Mich. Comp. Laws §777.40(3)(a). "'Exploit' means to manipulate a victim for selfish or unethical purposes." Mich. Comp. Laws §777.40(3)(b). "'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." Mich. Comp. Laws §777.40(3)(c). If predatory conduct was involved during the exploitation of the victim, 15 points is assigned to the offender. Mich. Comp. Laws §777.40(1)(a). If the "offender exploited a victim's physical

OV10 addresses the exploitation of a vulnerable victim. Mich. Comp. Laws §777.40. Petitioner maintains that he should have been scored five points under Mich. Comp. Laws §777.40(1)(c) rather than the fifteen points he was scored under Mich. Comp. Laws §777.40(1)(a). See, fn. 6. Predatory conduct is defined as "preoffense conduct directed at a victim for the primary purpose of victimization." Mich. Comp. Laws §777.40(3)(a). The evidence adduced from the pre-sentence report shows that Petitioner gave the victim beer and whiskey prior to each of the sexual assaults and that the victim felt "intoxicated" and "dizzy" as a result. (Pre-sentence Report, 2/25/05, pp. 5-6). Petitioner argues that supplying the victim with alcohol did not constitute predatory conduct. However, the Court finds that supplying the victim with alcohol, for the purpose of lowering her defenses and inhibitions and making her more submissive while she was being sexually assaulted, is within the realm of "preoffense conduct directed at a victim for the primary purpose of victimization." See *Sifuentes v. Prelesnik,* No. 03-cv-637, 2006 WL2347529, *18 (W.D. Mich. Aug. 11, 2006)(predatory conduct was found where the defendant encouraged women to drink alcohol in his apartment and become intoxicated prior to sexually assaulting them). Therefore, habeas relief is not warranted.

**2. State Law Sentencing Guidelines**

Petitioner asserts that the trial court erroneously increased the maximum

---

disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status" he will receive a score of 10 points. Mich. Comp. Laws §777.40(1)(b). If the "offender exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep or unconscious," the offender will receive a score of 5 points. Mich. Comp. Laws §777.40(1)(c). If the "offender did not exploit a victim's vulnerability," no points will be assigned. Mich. Comp. Laws §777.40(1)(d).

sentence authorized by statute. Petitioner's sentencing-guidelines claim lacks merit. As previously stated, "federal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Courts may grant the writ of habeas corpus, only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Additionally, assault with intent to commit criminal sexual conduct is punishable by imprisonment for not more than ten years. M.C.L. §750.520g(1). Petitioner was sentenced to five years nine months to ten years imprisonment. Petitioner's sentence is, therefore, within the statutory maximum for the offense. A sentence imposed within the statutory limits is generally not subject to federal habeas review. See *Townsend,* 334 U.S. at 741; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

There also is no constitutional right to individualized sentencing, nor does a criminal defendant have a "federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations. *Doyle v. Scutt,* 374 F.Supp.2d 474, 485 (E.D. Mich. 2004); *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Therefore, to the extent that Petitioner's sentencing claims assert alleged guideline violations, they are not cognizable on habeas corpus review.

### 3. *Blakely v. Washington* Claim

Petitioner alleges that the trial court violated *Blakely v. Washington*, 543 U.S. 296 (2004), by sentencing him based upon facts not admitted by him during his plea hearing. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including that which Petitioner was convicted. The maximum term of imprisonment is set by law. *People v. Drohan*, 715 N.W.2d 778, 789-90 (Mich. 2006).

The Supreme Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence. *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 863-64, 166 L.Ed.2d 856 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id.* at 860.

In support of Petitioner's habeas petition, he relies upon *Blakely,* in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, citing *Apprendi,* 530 U.S. at 490.

The problem with Petitioner's reliance on *Blakely*, is that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge; it is set by law. See *People v. Drohan,* 475 Mich. 140, 160-61 (2006); cert. den. sub nom *Drohan v. Michigan,*__ U.S. __, 127 S.Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n.14; 684 N.W.2d 278 (2004) (both citing, MCL

Mich. Comp. Laws §769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See *People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W.2d 231 (2003), citing Mich. Comp. Laws §769.34(2). Under Michigan law, the trial judge sets the minimum sentence, and can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730., n. 14. Michigan's indeterminate sentencing scheme is unaffected by the *Blakely* holding*. Drohan*, 475 Mich. at 164.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. As set forth above, the trial court did not exceed the maximum penalty for assault with intent to commit criminal sexual conduct involving penetration. Mich. Comp. Laws §750.520g(1). Because Petitioner's sentence is within the statutory maximum, the sentencing scheme did not run afoul of the Sixth Amendment. See *Chontos v. Berghuis,* 585 F.3d 1000, 1002 (6th Cir. 2009) (the Sixth Amendment rule in *Apprendi* does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum); *Stephenson v. Renico,* 280 F.Supp.2d 661, 669 (E.D. Mich. 2003).

### B. Ineffective Assistance of Counsel

Petitioner argues that he was denied the right to the effective assistance of counsel. Petitioner contends that defense counsel was ineffective because he failed to object to the

trial court's errors in calculating the sentencing guideline score.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court sets forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance, and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as

having produced a just result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311-12 (6th Cir. 1996).

Here, Petitioner argues that his attorney was ineffective because he failed to raise a constitutional challenge to the scoring of PRV 6, OV 4 and OV 10, which, Petitioner contends, led to an improper sentence calculation. The sentencing transcript belies this argument. Defense counsel placed objections on the record regarding the scoring of PRV 6, OV 4 and OV 10. (Tr. Sent., 3/16/05, pp. 5-8). Therefore, this portion of Petitioner's ineffective assistance of counsel claim is contradicted by the record. The fact that defense counsel did not present a constitutionally based argument in support of his objections to Petitioner's scoring, does not translate into deficient performance by defense counsel, or mean that Petitioner was prejudiced. Thus, Petitioner's ineffective assistance of counsel claim is denied.

### C. Sentencing Before a Different Judge

Petitioner claims that when he is re-sentenced, it should be before a judge other than the trial court judge, due bias to Petitioner perceives against him, on the part of the trial judge.

This argument is moot; the Court does not find that re-sentencing Petitioner is a viable remedy. Even if the Court reviewed this issue on the merits, Petitioner's claim does not warrant habeas relief. "Indeed, as a general matter, any claim of trial court bias must arise from an extrajudicial source, rather than events occurring in court." *Rhea v. Jones,* 622 F.Supp.2d 562, 585 (W.D. Mich. 2008). Relative to the PRV 6 score, Petitioner relies upon the following statements made by the trial court judge in support of his removal from the anticipated re-sentencing stage of these proceedings:

14

> I would really, probably - - I would - - I'm going to score this as - - as 10 points, because I think there's evidence that there were two incidents in June and there's enough to score it.
>
> If I couldn't score it, if that's not sufficient, I would probably look at this as a reason for deviating from the guidelines, that it happened so soon after – – after parole.
>
> So, I think the guidelines are - - are correctly scored, even though there's some - - some challenges to them. I think this is a serious offense. I think the guidelines do score this serious factor, so I'm not going to exceed te guidelines as we have it now at 29 to 57 months.

(Tr. Sent., 3/16, 2005, pp. 19-20). These comments do not show deep-seated antagonism toward Petitioner which "would render a fair judgment impossible." *Rhea,* 622 F.Supp.2d at 585. Moreover, Petitioner failed to cite federal law which would support the removal of the trial judge for sentencing purposes. Therefore, habeas relief is denied.

### D. Certificate of Appealability & *In Forma Pauperis*

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[7] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to

---

[7]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

Finally, the court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal of the Court's decision would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court will also deny leave to proceed on appeal *in forma pauperis.*

## IV. CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.

Accordingly the Court DENIES:

(1) The "Petition for Writ of Habeas Corpus" [Dkt. #1]; (2) A certificate of appealability; and (3) Any application for leave to appeal *in forma pauperis*.

ORDERED.

    S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: March 4, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 4, 2010.

s/Carol A. Pinegar
Deputy Clerk